UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PAULA PEEPLES, JESSE PEEPLES,   )
                                )
          Plaintiffs            )
                                )
     v.                         )   CIVIL NO. 2:10 cv 379
                                )
RAY GALLANT, RESTORATION ONE    )
INCORPORATED,                   )
                                )
          Defendants            )

REPORT AND RECOMMENDATION

This matter is before the court on the order referring this matter to the magistrate judge for a report and recommendation on damages. [DE 12] For the following reasons, the court **RECOMMENDS** that this matter be **DISMISSED** for lack of subject matter jurisdiction.

Background

On March 14, 2010, a small fire broke out in the home of the plaintiffs, Paula and Jesse Peeples. The Peeples hired the defendant, Ray Gallant, the owner of Restoration One Incorporated, to restore and repair their home. The work was not completed, and some of the Peeples' personal belongings were found destroyed or missing, prompting the Peeples to hire another company to finish the restoration. It also was discovered that portions of the work completed by Restoration One were done incorrectly. On September 27, 2010, the Peeples filed a pro se

complaint alleging breach of contract for failing to finish the restoration of their home, negligence for the destruction and loss of their personal property, and emotional distress.[1] The Peeples requested $27,781 to have their home completed, $36,659 for replacement of destroyed, damaged, and lost items, and $100,000 in punitive damages.

The complaint and summons were served on Gallant and Restoration One Incorporated on September 30, 2010. The answer was due by October 21, 2010. Gallant did not file an answer, and on April 21, 2011, the Clerk entered default against Gallant. The court held a hearing on December 16, 2011, to determine damages. At the hearing, the Peeples stated that their damages totaled $45,000 and that this was in excess of the amount of loss suffered at the time the complaint was filed.

## Discussion

Article III, Section 2 of the Constitution limits the federal courts' jurisdiction to cases arising under the laws of the United States and between citizens of different states. Federal courts have subject matter jurisdiction in all civil actions arising under the Constitution, laws, or treaties of the United States, in addition to cases between citizens of different

---

[1] The plaintiffs used a form obtained from the Clerk's Office for §1983 claims. Because of this, the case was docketed as a civil rights case, signifying federal jurisdiction.

states where the amount in controversy exceeds $75,000. 28 U.S.C. §§1331, 1332. The burden to prove subject matter jurisdiction falls on the party seeking the federal forum. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Lack of subject matter jurisdiction can be raised by any party or by the court at any time during the proceedings. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006). Subject matter jurisdiction cannot be waived by a party. *Arbaugh*, 546 U.S. at 514, 126 S.Ct. at 1244 (*quoting* *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)).

The complaint must aver facts that support the existence of federal jurisdiction. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936); *Preston v. Purtell*, 410 F.2d 234, 236 (7th Cir. 1969). To sustain jurisdiction on the grounds of diversity, there must be complete diversity between the parties at the time the complaint was filed, meaning that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). The amount in controversy also must exceed $75,000, exclusive of interest and costs. 28 U.S.C. §1332. It is the duty of the district court to ascertain whether the amount

in controversy meets the jurisdictional amount. *Batts Restaurant, Inc. v. Commercial Ins. Co. of Newark*, 406 F.2d 118, 120 (7th Cir. 1969). The court must conduct this assessment according to the facts available on the day the federal jurisdiction was invoked. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). When the court questions the jurisdictional amount on its own initiative, it must appear to a legal certainty that the claim is for less than the jurisdictional amount. *Batts Restaurant*, 406 F.2d at 120 (*citing* *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). *See also* *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) ("If the defendant can extinguish the plaintiff's entire claim by tendering $75,000 or less at the outset, then the amount 'in controversy' does not exceed $75,000."). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 289.

The record reflects that the parties are citizens of different states which satisfies the first element of diversity juris-

diction. Paula and Jesse Peeples are citizens of Lake County, Indiana, and Ray Gallant and his company are citizens of Bridgeview, Illinois. However, diversity alone is insufficient to establish subject matter jurisdiction. The plaintiffs must state a viable claim for an amount in excess of $75,000.

In the complaint, the Peeples request $27,781 to have the restoration of their house completed, $36,659 in replacement costs for destroyed, damaged, and lost items, and $100,000 in punitive damages. According to the face of the complaint, the Peeples' actual damages totaled $64,440, plus $100,000 in punitive damages. However, at the hearing the Peeples stated that the total amount of damage was $45,000 and that this was an increase from the time they filed the complaint. Irrespective of the ad damnum, the Peeples admitted that, at the time of filing their complaint, their claim was for less than $45,000, and below the amount required to confer jurisdiction.

Assuming, *arguendo*, that the $45,000 does not account for the Peeples' entire claim, specifically their claim for punitive damages, the record does not reflect that the Peeples had a competent claim for punitive damages to raise the potential award above $75,000. "When a party relies on a claim for punitive damages to satisfy the jurisdictional amount in controversy, the court must first ask whether punitive damages could be recover-

5

able as a matter of state law." *Matusiak v. American Family Mutual Insurance Co.*, 2006 WL 1806403, *2 (S.D. Ind. June 29, 2006); *Salmi v. D.T. Management, Inc.*, 2002 WL 31115581, *3 (N.D. Ill. Sept. 23, 2002). If this is answered affirmatively, the court must assess whether it is clear beyond a legal certainty that there are no circumstances in which the plaintiff could recover the jurisdictional amount. *Matusiak*, 2006 WL 1806403 at *2; *Salmi*, 2002 WL 31115581 at *3 (explaining that the plaintiff must submit competent proof to show that his claim satisfies the amount in controversy).

The court is not free to accept unequivocally the plaintiffs' recitation of the amount in controversy. *ABC International Traders, Inc. v. Beverly Bank-Matteson*, 688 F.Supp. 404, 407 (N.D. Ill. 1988). The plaintiffs carry the burden to show that the claims will generate enough punitive damages to meet the amount in controversy*. ABC International*, 688 F.Supp. at 407. Whether the jurisdictional amount in a diversity case has been met is "determined by an evaluation of the controversy described in the [plaintiffs'] complaint and the record as a whole, as of the time the case was filed." *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002). "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted

solely to confer jurisdiction, we should scrutinize that claim closely." *Anthony v. Security Pacific Financial Serv., Inc*. 75 F.3d 311, 315 (7th Cir. 1996). The mere hope for punitive damages exceeding the normal ratio is insufficient to confer jurisdiction. *Anthony,* 75 F.3d at 315. The plaintiffs must submit competent proof that they can recover punitive damages to raise the amount in controversy above the requisite $75,000. *Anthony*, 75 F.3d at 315.

Indiana prohibits an award of punitive damages on a claim for breach of contract, but such an award may be recovered for claims of negligent destruction of property and emotional distress. *Miller Brewing Co. v. Best Beers of Bloomington, Inc*., 608 N.E.2d 975, 981 (Ind. 1993) ("Opinions of this Court have consistently stated the general rule that punitive damages are not allowed in a breach of contract action."). Therefore, the court must assess whether the Peeples stated a viable claim for punitive damages in excess of $30,000, solely in relation to the Peeples' negligence claims. The record does not clearly reflect what portion of the $45,000 sought arises from the Peeples' tort claims and what portion is a result of Gallant's breach of contract. In any case, the punitive damages sought would make up a substantial portion of the total damages the Peeples seek for their negligence claims. Therefore, the court must carefully

scrutinize the amount of punitive damages sought.  See **Anthony**, 75 F.3d at 315.

Considering the record as a whole, it appears beyond doubt that the Peeples never had a viable claim for punitive damages exceeding $30,000.  When questioned at the hearing on damages, the Peeples spoke exclusively of Gallant's breach of contract. The Peeples stated that their total loss equaled $45,000 and that this arose from Gallant's failure to complete the work and to do a portion of the work properly.  The Peeples did not apportion any of their loss to negligence.  An award of $30,000 in punitive damages on a negligence claim that demands no compensatory damages is far in excess of the normal ratio, and nothing of record reflects that it is warranted.

Moreover, even if a portion of the $45,000 could be apportioned to the Peeples' negligence claim, the record is devoid of any competent evidence to show that an award of punitive damages exceeding $30,000 is warranted.  The Peeples' damages have increased since the suit was commenced.  Because the Peeples' negligence claim was a secondary theory of recovery, it would account for only a fraction of the initial damages which fell below $45,000.  A punitive damage award exceeding $30,000, therefore, would be disproportionate to any potential compensatory damage award on the negligence claims.  Moreover, the Peeples

8

carry the burden of proof and have not submitted any competent evidence at the hearing to enable the court to conclude that they ever were entitled to more than $30,000 in punitive damages. The court cannot rely solely on the ad damnum as the basis for jurisdiction.

_____

Based on the foregoing, the court **RECOMMENDS** that this matter be **DISMISSED** for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court, with extra copies e-mailed to the Chambers of the Honorable Theresa L. Springmann, Judge of the United States District Court, Fort Wayne Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich, Hammond Division. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States*

***v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 21st day of December, 2011

                                         s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge